IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIE A SOLER AMOR,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

        Defendant.

Case No. 3:14-cv-01526-TC
FINDINGS AND RECOMMENDATIONS

Karen Stolzberg
Stolzberg Disability Law
11830 SW Kerr Parkway, #315
Lake Oswego, OR 97035
    Attorney for plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

Jeffery E. Staples
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1 — FINDINGS AND RECOMMENDATIONS

COFFIN, Magistrate Judge:

This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security Commissioner denying plaintiff's application for Supplemental Security Income (SSI). For the reasons below, the Commissioner's decision should be affirmed.

## Background

On October 3, 2011, plaintiff protectively filed an application for SSI alleging onset of disability as of January 1, 2003. Tr. 23 The application was denied initially and on reconsideration. Id. After requesting a hearing, plaintiff and a vocational expert (VE) testified before an Administrative Law Judge (ALJ). Id. Shortly thereafter, the ALJ issued a written decision finding that plaintiff was not disabled as of the alleged onset date. Id. Plaintiff sought review from the Appeals Council, which denied her request for review. Tr. 1. The Appeals Council also declined to consider supplemental evidence presented by plaintiff, determining that it was not relevant to the period of disability. Tr. 2 Plaintiff now seeks judicial review from this court. Pl.'s Br. 4.

At the time of the administrative hearing, plaintiff was forty years old with an 8th grade education. Tr. 32. She alleges

2 - FINDINGS AND RECOMMENDATIONS

disability since October 2003 from anxiety, depression, and PTSD.

## Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## Commissioner's Decision

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a

3 - FINDINGS AND RECOMMENDATIONS

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 23; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had a "medically severe impairment or combination of impairments" of moderate depression, post-traumatic stress disorder, and alcohol, cocaine, methamphetamine, and cannabis abuse, in reported remission. Tr. 25; 20 C.F.R. § 416.920(c). The ALJ found that these impairments, including plaintiff's substance abuse, did not meet or equal a listed impairment. Tr. 26; 20 C.F.R. § 416.920(d).

The ALJ then determined that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertion levels. Tr. 27; 20 C.F.R. § 416.920(e). The ALJ also found that plaintiff "is limited to simple, repetitive work tasks at the SVP 2 level or lower and can only occasionl[ly] interact with the public." Tr. 27. Based on this RFC finding, at step four the ALJ found that plaintiff was not able to perform

4 - FINDINGS AND RECOMMENDATIONS

her past relevant work as a bindery operator, which consisted of semi-skilled, medium work. Tr. 31; 20 C.F.R. § 416.965.

Alternatively, at step five, the ALJ found that plaintiff could perform other work as a home cleaner, hand launderer, and garment folder. Tr. 32. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.969. Accordingly, the ALJ found plaintiff not disabled under the Act.

## Discussion

Plaintiff argues this court should reverse the Commissioner's decision and remand for the payment of benefits because the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting her subjective symptom statements. Plaintiff also argues that the Appeals Council erred by failing to consider and include supplemental evidence in the record. Alternatively, plaintiff argues for remand pursuant to sentence six for review by ALJ.

### A.  Plaintiff's Complaints Against the ALJ

Plaintiff contends that the ALJ failed to discredit her testimony as to the severity of her symptoms with clear and convincing reasons. Specifically, plaintiff argues the ALJ erred by: 1) improperly evaluating her daily activities; 2) failing to provide germane reasons for discrediting lay testimony; and

5 - FINDINGS AND RECOMMENDATIONS

3) incorrectly evaluating the medical evidence while assessing her RFC.[1]

### 1. **Plaintiff's Daily Activities**

First, plaintiff argues that her daily activities do not exceed her claimed limitations and that her impairments limit her ability to work full-time. Pl.'s Br. 19-22. The ALJ found that plaintiff's allegations were not credible because of her daily activities and because she had recent work experience despite her impairments. Tr. 28.

Once a plaintiff produces medical evidence of impairment, the ALJ may discredit the plaintiff's testimony as to the severity of symptoms only with clear and convincing reasons. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). In making these determinations the ALJ is allowed to use ordinary techniques used in the evaluation of credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ may consider the plaintiff's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the plaintiff's functional limitations. Smolen

---

[1] Plaintiff suggests that the ALJ lacked credibility and impartiality in his findings. Pl.'s Br. 23. However, plaintiff fails to show that "the ALJ's behavior, in the context of the whole case was 'so extreme as to display clear inability to render a fair judgment.'" Rollins v. Massanari, 261 F.3d 853, 858 (9th Cir 2001); quoting Liteky v. United States, 510 U.S. 540, 555-56 (1994). Therefore, I find the ALJ's impartiality need not be considered.

v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider inconsistent or unexplained plaintiff testimony, failure to follow a course of treatment or recommendations of doctors, evidence of self-limiting behaviors, and a plaintiff's work history. See id.; Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ resolved that plaintiff's credibility was impaired by her activities of daily living. Daily activities may serve as a basis for discrediting a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13.

The ALJ found that plaintiff's daily activities included walking, daily yoga, knitting, beadwork classes, preparing simple meals, performing light household chores, using public transportation, shopping for food multiple times a month, going on "power walks" around the neighborhood, and watching television. Tr. 28-29, 237-244, 543, 545, 549, 571.

The ALJ noted that despite claiming an onset date in 2003, plaintiff worked full-time at the Marriott Hotel in 2007. Tr. 28, 516, 518-519. The ALJ also noted that plaintiff obtained two different volunteer jobs, one in 2012 and the other in 2013. Tr. 28. The ALJ noted plaintiff lost the second volunteer position due to missed work in which she spent time with her family, not due to her impairment. Tr. 28, 275, 553, 561. The ALJ went on to

7 - FINDINGS AND RECOMMENDATIONS

state that plaintiff had work opportunities but that she "did not like the work" and seemed interested in "more glamorous" work. Tr. 28, 281.

I agree that plaintiff's daily activities and work history contradicts plaintiff's allegations of disability and supports the ALJ's credibility finding. "If a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). While plaintiff disagrees with the ALJ's interpretation of her work experience, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

The ALJ also considered two other factors in consideration of plaintiff's credibility. First, the ALJ noted strong evidence that plaintiff had low motivation to return to the work force and that her impairments would not prevent her from working. Tr. 28. Second, the ALJ noted plaintiff's work history prior to her alleged disability was sparse, which raised a question as to whether plaintiff's continued unemployment was actually due to medical impairments. Id. Thus, even if the ALJ erred in the

8 - FINDINGS AND RECOMMENDATIONS

evaluation of plaintiff's medical treatment, these additional reasons are nonetheless legally sufficient. See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2, 1162 (9th Cir. 2008) (noting that "so long as there remains 'substantial evidence supporting the ALJ's conclusions on … credibility' the error is … harmless and does not warrant reversal."). Therefore, I find no error on the part of the ALJ.

### 2. Lay Witness Testimony

Second, plaintiff asserts that the ALJ neglected to provide germane reasons for rejecting lay witness testimony. Specifically, plaintiff states the ALJ failed to give appropriate weight to her three lay witnesses. Pl.'s Br. 22.

Lay testimony regarding a claimant's symptoms or how impairment affects the ability to work is competent evidence that an ALJ must take into account. Molina, 674 F.3d at 1114 (citation omitted). The ALJ must provide "reasons germane to each witness" in order to reject such testimony. Id. (citation and internal quotation omitted).

Nevertheless, the ALJ need not "discuss every witness's testimony on a individualized, witness-by-witness basis … if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." Id. (citations omitted).

9 - FINDINGS AND RECOMMENDATIONS

Lay witness testimony may be disregarded on the same basis as claimant's discredited subjective reports. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). The ALJ may also reject lay witness testimony due to inconsistencies with the medical evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ noted the first witness, Candyce Scott, stated plaintiff's limitations included "squatting, kneeling, completing tasks, concentrating, understanding, following instructions, and getting along with others." Tr. 29, 229-36. The ALJ rejected this statement in part because "the physical limitations are not supported by any objective testing in the record" and "the mental limits further contrast Dr. Duvall's assessment." Tr. 29.

The ALJ noted the second witness, Kirstin Juul, stated the plaintiff was often nervous, became easily distracted, became easily agitated, and had episodes of crying and panicking. Tr. 29, 276. The ALJ gave this statement less weight because the opinion was in contrast to Dr. Duvall's evaluation of plaintiff. Tr. 29.

Lastly, the ALJ considered Charles O'Neill's statement. Mr. O'Neill stated plaintiff often became very anxious and nervous, always seemed to have a crisis, had a limited ability to focus and concentrate, and had remained clean and sober. Tr. 30, 67-

10 - FINDINGS AND RECOMMENDATIONS

79. The ALJ gave this statement less weight because Mr. O'Neill infrequently met with plaintiff, only seeing her two to three times a month. Tr. 30.

Here, the ALJ gave less weight to lay witness testimony because some statements were made that were inconsistent with medical evidence and one witness interacted with the plaintiff infrequently. I find that the ALJ provided germane reasons for the weight he assigned each lay witness's testimony. The ALJ's decision is upheld as to this issue.

### 3. ALJ's RFC & Step Five Finding

Finally, plaintiff argues that the ALJ's RFC and step five finding are erroneous because they do not evaluate all of the relevant medical evidence.

The RFC is the maximum a claimant can do despite her limitations. See 20 C.F.R. § 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. In determining the RFC, the ALJ must consider limitations imposed by all of a plaintiff's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including plaintiff's testimony. SSR 96-8p, available at 1996 WL 374184.

11 - FINDINGS AND RECOMMENDATIONS

Plaintiff claims the RFC did not take into consideration her "poor working memory," which she claims would affect both her pace and ability to concentrate. Pl.'s Br. 24. Plaintiff also states her impairments would result in an unacceptable degree of absenteeism or tardiness, cause difficulty interacting with supervisors, coworkers, or the public, and she would struggle with completing visual and motor processing tasks or maintaining consistent functioning. Pl.'s Br. 25-26. Plaintiff also alleges the ALJ mistakenly failed to "engage in a materiality analysis as required by SSR 13-2p" in regards to her past drug and alcohol abuse. Pl.'s Br. 20.

The ALJ noted several medical opinions when assessing plaintiff's RFC. The ALJ assigned some weight to Dr. Robert Duvall's psychological evaluation, which suggested plaintiff had "few cognitive problems," related well during the evaluation, and was able to comprehend the questions. Tr. 30, 359-64. Dr. Susan Bettis provided a report to the ALJ stating plaintiff had attended counseling, maintained her sobriety, and had increased her stability; however, plaintiff remained "clinically depressed and anxious." Tr. 30, 535. The ALJ gave less weight to this assessment because no "objective testing or information was submitted to support her assessment of an inability to maintain employment." Tr. 31.

12 - FINDINGS AND RECOMMENDATIONS

The ALJ also noted an assessment by Dr. Joshua Boyd which stated plaintiff's limited education and intellectual functioning would restrict her to simple, repetitive tasks and that she would be capable of "normal interaction with coworkers and supervisors." Tr. 31, 100-109. The ALJ also took into account an assessment by Dr. Bill Hennings, which stated plaintiff should be limited from work involving rapid or frequent changes. Tr. 31, 112-22.

The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

While plaintiff disagrees with the ALJ's interpretation of complainant's subjective symptoms, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson, 359 F.3d at 1198.

Here, the ALJ mentioned all relevant medical evidence and doctor's opinions in his assessment of plaintiff's RFC. The RFC limited the plaintiff to simple, repetitive work tasks at SVP 2 or lower and limited her to occasional interaction with the

13 - FINDINGS AND RECOMMENDATIONS

public. Tr. 27. These limitations align with the recommendations of several doctors. This RFC has adequately incorporated each medical opinion after appropriate weight was given. The RFC is upheld.

Finally, plaintiff also claims the ALJ erred by failing to conduct a materiality analysis regarding her drug abuse as required by Social Security Ruling 13-2p. Pl.'s Br. 20. Plaintiff is incorrect. A materiality analysis under SSR 13-2p is only necessary when the plaintiff is found to be disabled under the Act. As this plaintiff was not found to be disabled, this regulation has no relevance. SSR 13-2p, available at 2013 WL 621536.

Thus, because the ALJ provided clear and convincing reasons supported by the record, the ALJ's evaluation of plaintiff's credibility is upheld.

### B.  Supplemental Evidence Presented to the Appeals Council

Plaintiff submitted 101 pages of new medical records to the Appeals Council after the ALJ's August 2013 decision. Tr. 1. The Appeals Council concluded that the supplemental records did not concern the alleged period of disability and were not material to the ALJ's decision and, therefore, declined to include the new evidence in the record. Tr. 2.

Plaintiff contends that the Appeals Council unjustly failed to consider the supplemental evidence relating to her

14 - FINDINGS AND RECOMMENDATIONS

disability. Pl.'s Br. at 18. Plaintiff maintains that the Appeals Council is required to consider such evidence and that it must be viewed as part of the record, citing <u>Brewes v. Comm'r Soc. Sec. Admin.</u>, 682 F.3d 1157, 1161 (9th Cir. 2012). However, the Appeals Council's denial of plaintiff's request for review is not subject to judicial review. The Social Security Act permits judicial review of the agency's "final decision." 42 U.S.C. § 405(g). The Appeals Council's denial of a request for review is not a final decision; rather, such denial renders the ALJ's decision as the "final decision" of the Commissioner. <u>Sims v. Apfel</u>, 530 U.S. 103, 107 (2000); 20 C.F.R. § 404.981.

Moreover, plaintiff's supplemental medical evidence is not part of the administrative record subject to review by this Court. Pursuant to the relevant agency regulation, "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b)(1). If a claimant submits "evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence." <u>Id.</u> § 404.976(b)(1).

Here, the Appeals Council stated that it "looked at" the new evidence dated August 2013 to August 2014, and determined

15 - FINDINGS AND RECOMMENDATIONS

that the "new information is about a later time." Tr. 2. Therefore, the Appeals Council found that the supplemental evidence related to a time period after the ALJ's decision, and the evidence was not incorporated into the record.

Further, § 405(g) grants the Commissioner the discretion to file the administrative record: "As part of the Commissioner's answer, the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The Commissioner did not include the supplemental evidence in the transcript of the record.

Finally, plaintiff's reliance on Brewes is unavailing. There, "the Appeals Council accepted Brewes' proffered new evidence and made it part of the record, apparently concluding that it was material within the meaning of 20 C.F.R. § 404.970(b)." Brewes, 682 F.3d at 1163. The Appeals Council also considered the new evidence and determined that it did not provide a basis for changing the ALJ's decision. The Ninth Circuit thus found that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the [] record." Id.; see also Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) (finding new evidence to be part of the record where the Appeals Council examined the entire record, including the additional material,

16 - FINDINGS AND RECOMMENDATIONS

and concluded "that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.'"). Unlike Brewes, the Appeals Council here did not accept plaintiff's new evidence and did not make such evidence part of the record.

Thus, the supplemental evidence submitted to the Appeals Council was not incorporated into the record and is not subject to review by this Court for purpose of disability.

Alternatively, plaintiff appears to suggest that this court should remand the case under "sentence six" of 405(g). Sentence six permits remand to the agency to review "new evidence which is material," provided "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To be material, the new evidence must "bear directly and substantially on the matter in dispute" and demonstrate a "reasonable possibility" that the evidence would change the outcome of the administrative hearing. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).

However, plaintiff has made no attempt to meet these requirements. Plaintiff has failed to explain why these new documents are new, meet the standard of materiality, or provide good cause for failing to incorporate them in her prior proceedings. Plaintiff argues that simply because she provided these documents to the Appeals Council, this court must

17 - FINDINGS AND RECOMMENDATIONS

incorporate the documents into the record. Pl.'s Reply Br. 4. However, plaintiff fails to provide any case law or statutory support for this argument. Instead, plaintiff argues the court must allow her to provide "rebuttal" evidence or risk violating her due process rights. Pl.'s Reply Br. 4.

In social security cases, this court is a court of review. It reviews the administrative process and final decision to ensure the proper steps and safeguards were implemented. As such, this court cannot introduce or accept new evidence into the record. Rather, plaintiff must explain why the supplemental evidence is new and material, and she must provide good cause for its absence up until this point. Plaintiff fails to do so. Accordingly, the supplemental evidence does not support remand for further review under sentence six. [2]

## Conclusion

The ALJ did not err in evaluating Plaintiff's credibility, and plaintiff fails to show that the supplemental evidence warrants remand pursuant to sentence six. Accordingly, the Commissioner's decision should be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

---

[2] Arguably, plaintiff's supplemental evidence could support a new application for benefits. However, the court cannot consider such evidence in this proceeding.

18 - FINDINGS AND RECOMMENDATIONS

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

Dated this 21 day of October, 2015.

_____
Thomas Coffin
U.S. Magistrate Judge

19 - FINDINGS AND RECOMMENDATIONS